Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V (ESPECIAL)

| JOHN DIEZ MURO<br><br>Peticionario<br><br>v.<br><br>FRANCISCO PAGÁN RODRÍGUEZ; AGNES RODRÍGUEZ MIRANDA<br><br>Recurrida | KLCE202301311 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia,<br>Sala de SAN JUAN<br><br>Caso Núm.:<br>CG2018CV3324<br><br>Sobre:<br>Incumplimiento de Contrato, Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de enero de 2024.

El 27 de noviembre de 2023, el Sr. John Diez Muro (en adelante, señor Diez o el peticionario) instó una *Petición de certiorari* mediante la cual nos solicitó la revocación de la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario) el 12 de septiembre de 2023. Por virtud del aludido dictamen, el TPI denegó la *Solicitud de sentencia sumaria* que presentó en el caso el Sr. Francisco Pagán Rodríguez (en adelante, señor Pagán o recurrido), así como la *Oposición a moción de sentencia sumaria y moción de sentencia sumaria* sometida por el peticionario. Igualmente, ordenó la continuación de los procedimientos, incluyendo la celebración del juicio en su fondo.[1]

Atendido el recurso, el 29 de noviembre de 2023, emitimos *Resolución* concediéndole 10 días a la parte recurrida para expresar su posición. Ha transcurrido tiempo en exceso desde que el plazo concedido venció, sin que

---

[1] El 26 de septiembre de 2023, el peticionario solicitó la reconsideración de esta decisión. Mediante *Resolución* del 25 de octubre de 2023, notificada al día siguiente, la misma fue denegada.

Número Identificador

RES2024 _____

la parte recurrida haya comparecido por lo que damos por sometido el asunto y resolvemos.

I

El 5 de diciembre de 2018, el señor John Diez Muro presentó una demanda de daños y perjuicios contra Francisco Pagán Rodríguez. En esta, sostuvo que operaba un negocio comercial mediante un contrato de arrendamiento otorgado el 6 de mayo de 2002, con el propietario fenecido, a saber, el padre del señor Pagán. Arguyó, entre otras cosas, que el recurrido incumplió con su obligación de reponer el negocio comercial en su estado original tras el paso de los huracanes Irma y María. Asimismo, añadió, que previo al caso de autos, mediante un proceso sumario de desahucio, con Núm. civil K PE2018-0029, el recurrido obtuvo una sentencia a su favor mediante la cual logró desalojarlo de la propiedad y obtener plusvalía del negocio. De este modo, afirmó que no fue notificado de la fecha de lanzamiento para tener la oportunidad de remover sus pertenencias del negocio. Por ello, alegó que el señor Pagán se había apropiado indebidamente de equipos, permisos y documentación que le pertenecían. Ello, sin realizar inventario, ni consignación conforme lo dispone la ley. A estos efectos, solicitó una indemnización de $275,000.00 por la plusvalía del negocio y la propiedad mueble que presuntamente le pertenece, más las costas y honorarios de abogado.

Así las cosas, el 22 de febrero de 2019, el señor Pagán contestó la demanda y presentó una reconvención. Mediante esta última, el peticionario afirmó que la sentencia de desahucio que emitió el foro primario el día 9 de mayo de 2018, en el caso civil Núm. K PE2018-0029, era final y firme y ante una estipulación de hechos que se logró alcanzar en dicho caso, aseguró que el señor Diez le adeudaba la cantidad de $15,000.00 por concepto de pagos de renta dejados de devengar durante los meses de octubre del 2017 al 11 de julio de 2018. Por su parte, el peticionario presentó

una réplica a la reconvención y en esta, arguyó que no pudo utilizar la propiedad arrendada desde el mes de septiembre de 2017 toda vez que el señor Pagán se había negado a hacerles los correspondientes reparos a la propiedad. Además, resaltó que el precitado caso de desahucio únicamente trataba sobre la posesión física del local en ruinas.[2]

En cuanto al asunto que atendemos, es importante conocer que el 4 de mayo de 2023, el recurrido presentó una *Solicitud de sentencia sumaria* en la que alegó que el pleito de epígrafe debía ser desestimado. Así, y bajo la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia, reclamó que las alegaciones de la demanda fueron adjudicadas al disponerse del caso de desahucio que instó contra el peticionario, la cual era final y firme. Ante el escrito sometido, el peticionario sometió una *Oposición a moción de sentencia sumaria y moción de sentencia sumaria.*

Evaluados ambos escritos, el foro primario dictó la *Resolución* recurrida en la que dictaminó que no existía controversia sobre 14 hechos. De otra parte, el TPI determinó que existía controversia sobre 6 hechos. Basándose en los hechos incontrovertidos y aquellos aun en controversia identificados en su dictamen, así como la prueba contenida en el expediente judicial, el TPI concluyó que el presente pleito no debía resolverse sumariamente como pidió el señor Pagán se hiciera. En primer lugar, determinó que en el caso civil K PE2018-0029 solamente se atendió el desahucio solicitado por el señor Pagán y nada se dictaminó en cuanto a la reconvención por incumplimiento de contrato y los daños que el señor Diez reclamó, por lo que no aplicaba la doctrina de cosa juzgada como alegó el recurrido en su moción dispositiva. En lo particular, el foro primario enunció lo siguiente:

"Es importante aclarar que, las alegaciones que aquí se atienden versan principalmente sobre una reclamación de daños

---

[2] Los hechos procesales del recurso de epígrafe guardan relación con aquellos del recurso KLCE202200012 atendido previamente por este Panel. Por ello, el tracto factual hasta aquí consignado se toma de la *Resolución* emitida en el mismo.

ocasionados como resultado de un incumplimiento contractual. Aunque dichas reclamaciones fueron inicialmente instadas en el caso K PE2018-0029 mediante *Reconvención*, no fueron consideradas por transgredir la naturaleza sumaria del procedimiento de desahucio. Por tal razón, no existe impedimento actualmente para atenderlas en la presente acción. Ahora bien, los hechos adjudicados en el caso civil núm. K PE2018-0029 respecto a la vigencia del contrato de arrendamiento, y lo que motivó a que el tribunal ordenara el desahucio, son finales y no revisables por este foro. Habiendo establecido lo anterior y estando ante dos causas de acción diferentes, la primera sentencia de desahucio <u>no es impedimento para que el demandante litigue la actual reclamación en daños</u>. En su momento y acorde al derecho aplicable correspondiente, se pasará juicio sobre la prueba documental que se admita, se evaluarán los testimonios vertidos y el tribunal adjudicará credibilidad a lo que así lo amerite. […]"

Oportunamente, el señor Diez sometió una moción de reconsideración en la que señaló que durante el pleito de desahucio no se atendieron las alegaciones que incluyó al reconvenir y que muchas de ellas inciden en la reclamación de daños y perjuicios del pleito de epígrafe. Por ello, reclamó que la determinación del foro primario de que los hechos adjudicados en la sentencia dictada en el caso civil K PE2018-0029 son finales y no revisables fue una errada, en la medida en que descansan en la aplicación equivocada de la doctrina de cosa juzgada. Específicamente, reclama que la mencionada doctrina no debe aplicarse cuando la parte contra la cual se interpone no ha tenido la oportunidad de litigar el asunto previamente. Ante ello, señaló que atarle a los hechos de la sentencia de desahucio emitida en un procedimiento sumario en el que no se celebró descubrimiento de prueba constituye una violación al debido proceso de ley.

Como indicamos ya, la moción de reconsideración fue denegada. En desacuerdo aun, el peticionario instó el recurso de epígrafe y le imputó error al TPI al:

> […] resolver que utilizará en este caso la sentencia de desahucio como impedimento colateral, donde no se dilu[c]idaron las defensas y reconvención del recurrente debido al dictamen de una sentencia parcial sin perjuicio.

> […] abusar de su discreción y violar la Sentencia Parcial en el caso de desahucio que claramente dispone la desestimación sin perjuicio de las defensas y reconvención del recurrente.

[…] al violar el debido proceso de ley mediante la privación de las defensas y reconvención del recurrente sin haber tenido derecho a su día en corte y a ser oído debido a la desestimación sin perjuicio de sus defensas y reconvención en la Sentencia Parcial sin perjuicio.

**II**

*-A-*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación

en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." <u>McNeil Healthcare v. Mun. Las Piedras I</u>, *supra*.

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. <u>McNeil Healthcare v. Mun. Las Piedras I</u>, *supra*, a la pág. 404; <u>800 Ponce de León v. AIG</u>, *supra*. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[3] Estos, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. <u>Mun. de Caguas v. JRO Construction</u>, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." <u>Scotiabank v. ZAF Corp. et al.</u>, *supra*, págs. 486-487; <u>Mun. de Caguas v. JRO Construction</u>, *supra*.

-B-

La doctrina de cosa juzgada establecida por el Art. 1204 del Código Civil de Puerto Rico del 1930, 31 LPRA sec.3343, impedía que, emitida una sentencia en un pleito anterior, las mismas partes litiguen otra vez en un posterior litigio las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas y aquellas que pudieron haberse litigado. [4] Así fue

---

[3] Estos son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

[4] El 28 de noviembre de 2022 entró en vigor el Código Civil de 2020 aprobado mediante la Ley Núm. 55-2020. Este nuevo código **no** contiene una disposición legal equivalente a la doctrina de cosa juzgada establecida en el Código Civil de 1930. La aplicación de esta doctrina permanece vigente por la jurisprudencia ya establecida. La mención del Artículo 1204 del Código Civil de 1930, se hace con el mero propósito de señalar la disposición legal que en su momento la establecía en la Ley.

reconocido en <u>Fonseca et al. v. Hosp. HIMA</u>, 184 DPR 281, 294 (2012); <u>Mun. de San Juan v. Bosque Real S.E.</u>, 158 DPR 743, 769 (2003), entre otros.

Para que la presunción de cosa juzgada surta efecto en otro juicio se requiriere que entre el caso resuelto por sentencia y aquel en el que se invoca, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. <u>Méndez vs. Fundación</u>, 165 DPR 253, 267 (2005). Cuando la doctrina de cosa juzgada alude a la identidad entre las cosas, se refiere al "objeto o materia sobre la cual se ejercita la acción". <u>Lausell Marxuach v. Díaz de Yáñez</u>, 103 DPR 533, 535 (1975). Para determinar si existe o no identidad de cosas, debemos cuestionar si al tomar una determinación sobre el objeto de una demanda en el caso ante nuestra consideración, nos exponemos a contradecir una decisión anterior en cuanto al mismo objeto. <u>A&P Gen. Contractors v. Asoc. Caná</u>, 110 DPR 753, 764-765 (1981).

La doctrina de cosa juzgada está fundamentada en consideraciones de orden público y necesidad. De una parte, vela por el interés gubernamental en que se finalicen los pleitos y busca dar la debida dignidad a los fallos de los tribunales. Por otro lado, se interesa no someter a los ciudadanos a las molestias de tener que litigar dos veces una misma causa. <u>Rodríguez Rodríguez v. Colberg Comas</u>, 131 DPR 212, 218-219 (1992); <u>Pérez v. Bauzá</u>, 83 DPR 220, 225 (1961). **Empero, la aplicación de la doctrina de cosa juzgada no procede de forma inflexible y automática cuando hacerlo derrotaría los fines de la justicia o consideraciones de orden público.** <u>Parrilla v. Rodríguez</u>, 163 DPR 263, 269 (2004).

El impedimento colateral por sentencia constituye una modalidad de la doctrina de cosa juzgada previamente discutida. Este persigue alcanzar los mismos propósitos procurados por la doctrina de *res judicata*, a saber: proteger a los litigantes contra lo que representa defenderse o probar sus reclamaciones en repetidas ocasiones tratándose de la misma

controversia, y promover la economía judicial y administrativa al evitar litigios innecesarios y decisiones incompatibles. Beníquez et al. v. Vargas et al., 184, DPR 210, 225 (2012). Esta figura, sin embargo, se distingue de la doctrina arriba discutida en cuanto a que para aplicarla no es necesario que se dé el requisito de identidad de causas. *Íd*. La misma, surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final, [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén involucradas causas de acción distintas. Ahora, "**la sentencia anterior es concluyente solamente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se litigaron y adjudicaron**, pero no es concluyente en cuanto a aquellas materias que pudieron ser pero que no fueron litigadas y adjudicadas en la acción anterior". *Íd*.

-C-

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los asuntos de aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. Cruz Velez v. CEE, 206 DPR 694 (2021), al citar a Mejías Montalvo v. Carrasquillo Martínez, 185 DPR 288 (2012) y otros. Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá, también, justificarse por el derecho aplicable. Id., mencionando a Bobé v. UBS Financial Services Incorporated of Puerto Rico, 198 DPR 6 (2017) y demás.

Por otro lado, la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su

notificación, cumpliendo con los requisitos de ley. Así pues, deberá efectuar una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); Cruz Velez v. CEE; *supra*; y SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013). Las meras afirmaciones no bastan. Meléndez González v. M. Cuebas, 193 DPR 100, 136 (2015) Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. Abrams Rivera v. ELA, 178 DPR 914, 932 (2010) No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del promovente, según proceda en derecho.". Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal podrá dictar sentencia sumaria si de los documentos sometidos ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e). Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. Cruz Velez v. CEE; *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. Meléndez González et al. v. M. Cuebas, *supra,* pág. 118.

III

Tal como se desprende del recuento procesal efectuado antes, en la *Resolución* recurrida el TPI denegó una moción de sentencia sumaria sometida por el señor Pagán, así como la oposición a sentencia y solicitud de sentencia sumaria a su favor que el peticionario instaran en el caso. Por tanto, impugnándose una determinación contenida en la resolución de un escrito de carácter dispositivo, conforme la Regla 52.1 de Procedimiento Civil, *supra*, estamos en posición de acoger o no el recurso discrecional del *certiorari* instado.

Ahora bien, los errores señalados por el peticionario no argumentan la existencia o ausencia de hechos en controversia, ni impugnan la denegatoria de las mociones dispositivas resueltas por la *Resolución*. Por el contrario, y basándose en los argumentos sometidos en su moción de reconsideración, cuestiona aquellas expresiones de la determinación que transcribimos previamente en el relato de los hechos procesales en las que dispuso que aquellos hechos adjudicados en el caso K PE2018-0029 respecto a la vigencia del contrato de arrendamiento y lo que motivó a que el tribunal

ordenara el desahucio eran finales y no podían ser revisados por el tribunal.[5]

Específicamente, al discutir conjuntamente su señalamiento de errores, luego de reproducir su solicitud de reconsideración y citar el derecho aplicable, el peticionario indica que el expediente evidenciaba que la sentencia parcial dictada en el pleito K PE2018-0029 no adjudicó las defensas afirmativas que este levantó, ni la reconvención que instó en el pleito. Señala pues que, por el contrario, en el dictamen parcial que desestimó su reconvención se señaló que este tenía derecho a presentar en una acción independiente su reclamo por daños y perjuicios.

Basándose en esto, plantea que "privar al recurrente de la oportunidad de traer todas sus defensas y causas de acción en este caso, mutilándolas con el filo de una Sentencia de desahucio, donde no tuvo la oportunidad de ventilarlas, es un craso error y constituye un abuso de discreción, que claramente coarta el debido proceso de ley, viola el espíritu y texto de la Sentencia Parcial sin perjuicio dictada en el caso de desahucio y la intención del Tribunal de Apelaciones al revocar las resoluciones y Sentencia Parcial del TPI y devolver el caso para su adjudicación plena."

Luego de que a los fines de atender los señalamientos efectuados evaluáramos la moción dispositiva sometida por el señor Pagán, el escrito que frente a esta sometió el peticionario, los documentos que acompañaron ambos documentos, así como las expresiones del foro primario cuestionadas, según contenidas en su *Resolución*, no encontramos la existencia de ninguno de aquellos factores enunciados en la Regla 40 de nuestro Reglamento para determinar la expedición del auto discrecional del *certiorari*. Entiéndase pues, que tras sopesar los argumentos levantados por

---

[5] En vista de que las cuestiones que el peticionario nos invita a evaluar no tratan sobre la procedencia o improcedencia del vehículo de sentencia sumaria, ni la existencia o ausencia de controversias sobre hechos medulares, estimamos innecesario el evaluar si tales escritos cumplieron con los requisitos de forma que nuestro ordenamiento jurídico establece para tal instrumento.

el señor Diez en su contra, no estimamos que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad por parte del TPI o que la expedición del auto evite el fracaso de la justicia. Siendo ello así, denegamos la expedición del auto de *certiorari* solicitado.

Lo aquí resuelto, advertimos, no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho planteadas por las partes, de modo que estas podrían ser planteadas nuevamente en una etapa posterior al juicio. Esto es así, ya que, como es sabido, una resolución denegatoria de un auto de *certiorari* ni implica posición alguna del Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso. La resolución denegatoria simplemente es indicio de la facultad discrecional del tribunal revisor de negarse a revisar en determinado momento una decisión emitida por el tribunal de instancia. Cacho Pérez v. Hatton Gotay y otros, 195 DPR 1, 12 (2016) al citar a Núñez Borges v. Pauneto Rivera, 130 DPR 749, 755 (1992) y otros.

IV

Por las razones antes expresadas, denegamos la expedición del auto de *certiorari* solicitado por el Sr. John Diez Muro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones